Good morning, Your Honors. If it may please the Court, my name is Russell Handy, and I represent the plaintiff and appellant in this case, Robert Rodriguez. Your Honors, this is a case that went to trial. My client, the appellant in this case, Robert Rodriguez, is a person with paraplegia. He's confined to a wheelchair. The case is about discrimination on the basis of disability. It involves his lawsuit against a Home Depot in the Los Angeles area. The claims, the actual facts are uncontested. We don't contest on appeal any of the facts that were found by the jury. We're happy with those findings. In a nutshell, the case is one where my client was remodeling his home to make it more accessible for himself, wheelchair ramps and so forth, and he made many visits to the Home Depot in order to patronize that particular facility. During the course of doing that, he ran into a number of problems. There was a number of barriers to his access. He sued them. We settled that case. There was a binding settlement agreement that they would cease certain practices. He continued to have those problems. He called the police. He actually held a demonstration. He did a lot of things in order to try to resolve these issues. He sued them again. That's the case that we're now on appeal. He went to a jury. The jury found in his favor determination that there was discrimination. They found there was 13 different incidents of discrimination. This includes taking entire pallets of merchandise and putting them on top of the handicap accessible parking spaces and the access aisles, putting up a horizontal bar across the wheelchair accessible entrance, blocking his ability to even get into the store, and on a few occasions, I think the jury found on three occasions, restricting the path of travel into the tool section so the person in a wheelchair just could not gain entrance. The jury also found that this was a case where there was malice or oppression. They actually made a finding that the Home Depot was doing this in conscious disregard for rights of persons with disabilities. Following the findings of fact, which we were happy with, but no punitive damages numbers were awarded. One of the reasons for that was that we didn't want to seek punitive damages. We wanted only the actual damages and the civil penalty, which is provided by law. There is no way someone can make and can go for punitive damages under section 3294 of the California Civil Code. We had no intention of seeking that. My client was very satisfied with just the statutory scheme as it exists under the California Civil Code section 52, the Unrest of Rights Act. And so … Well, help me out. What were the actual damages as you see them? The actual number of the damages that were awarded by the jury was $4,000, Your Honor. Was how much? $4,000. How did it get to $5,000? I may have misspoke. It may have been $5,000 in action. $5,000. What was that based on? That was a … there's just a Bajie instruction, jury instruction, what actual damages means in these cases. It's emotional distress, frustration, aggravation, highly unpleasant, the anxiety and the frustration that he dealt, he felt or experienced in dealing with these barriers. It's a very difficult number to put a, you know, to actually quantify. And the jury found that it was $5,000. And the judgment that was entered was for … $5,000. $5,000. Yes. All right. What do you want, what do you want us to do? Well, the actual remedy … What do you want us to do? Tell me. Well, we want you to overturn the court's ruling with respect to the damage award because the court erred in its legal analysis. Tell us what you want, you know. Okay. We're asking for $57,000. You know, because they asked that in England, you know. Right. They asked, well, what can we do for you today? And the lawyers don't know, you know. So we're asking you. I understand, Your Honor. I'll cut right to the chase. We're asking for a damage award of $57,000. From us? There's no discretion. There's no … Answer my question. From us? Yes, Your Honor. You want us to give you another how much, 13, how much more do you want? Let me rephrase that. I want you to remand the case back to the district judge with $57,000. Did you ever ask the district court judge for that? Absolutely. Do you have an … Did you agree to the submission of the interrogatories initially? Yes, we did. Did you object to that? No, we worked it out with the court. We're all happy with the special … You're happy with that. And didn't you also allow the punitive damage award? Did you object to that in the supplementary submission to the jury? We did object to that, but we didn't have a … We're not appealing the award of $0 for exemplary damages. Well, I don't see where the district … You're pointing to where the district court erred, where you made an objection. That's my problem with your case. I think you were entitled to the money, but I don't think you asked for it the right way. Well, Your Honor, we did, and the way that it works is this. Under the … Under the civil code, it says that there's a civil penalty that can be no less than $4,000 per proven incident or offense. We do this in almost all of our cases, and the judges are in agreement with us that we have the jury do what they do, which is a finding of fact, how many incidents or offenses were there. And then because there's no discretion in the minimum, if you're only seeking the minimum statutory penalty, the $4,000, which is the absolute minimum, the judge usually calculates that. The statute says that whoever denies, aids, or incites denial or makes any discrimination or distinction, contrary to this law, is liable for each and every offense for the actual damages and any amount that may be determined by a jury or a court sitting without a jury. Here we have a jury, right? Yes. Determined by the jury up to a maximum of three times the amount of actual damages, but in no case less than $4,000. Right. Now, your actual damages were what? $5,000. $5,000? Yes. Aggregated over all the incidences, yes, $5,000. And how did that – how did the jury reach that as actual damages? They heard testimony. They made a – they did something that a jury has to do that's not easy, and they put a dollar amount to the emotional distress and so forth. Well, why don't we – why don't you ask for three times $5,000 – that was your actual damages – so $15,000 more for each violation? That would give you more money, wouldn't it? It may, but it's a much more difficult standard of proof because then we have to – Well, you're asking for the minimum now under the civil penalty. That's right. We're asking for the minimum. You're asking the court to do that, not the jury. You never ask the jury to do that. The jury has been dismissed. Yes. That's what I don't understand. Well, perhaps I can explain, Your Honors. The – just as with the injunctive relief, the jury never fashions the ultimate ruling. They only find the defining effect. And the same thing that we've done in virtually every one of our cases, and it's been done as far as I know in every case that I've seen in this area of law, and I've seen many of them, if the jury returns a finding that there has been liability, that they have violated the law, then an attorney can either do one of two things. He can argue for a jury to come up with a number, the multiplication of actual damages, or if he's happy with the statutory minimum. And we determined this before the lawsuit even started because we didn't want to get into that with the jury. We were happy with the minimums that a judge can order. You're saying that the actual damages are $5,000 as determined by the jury. Yes. And that you're entitled to, what, three times the amount of actual – No, no. No. The statutory minimum, which there's no discretion, and a judge can award without any finding by the jury other than liability. And that was the – And any amount that may be determined by a jury up to a maximum of three times the amount of actual damages, but in no case less than $4,000.  No, it wasn't, Your Honor. And this is what we discussed with the district court. And this is the way that we've always done it. When it's the minimum, the jury has no discretion to award anything to vary from that. That's something that's as a matter of law. What did the jury instructions say? There were no jury instructions on the penalty assessment because we were only seeking the minimum which the judge could award. Well, what jury instructions did the judge give on damages? And I might say, Your Honor, the judge didn't have a – I know the judge gave some instructions on damages. I've got the whole set here. Yeah. There's – I gave them from Faggi, right? It says, The plaintiff seeks to recover damages based upon a claim violation of Americans with Disabilities Act. The essential elements of this claim are, and, you know, plaintiff is a person with a disability. Defendant owns, operates, or leases a place of public accommodation. Defendant discriminated against plaintiff by failing to remove architectural barriers, removal of which was readily achievable. So you've got that. You've got that instruction. And then you've got one that elaborates. That's number 14. And you've got 15 on the wheelchair. And you've got 16 and 17. And they have one on the under act. Your Honor, if I might, because we're talking about a statutorily set minimum penalty, the judge can award that and do so frequently. At the ends of summary judgment motions, they can award it. This is not something that needs to be determined as an issue of fact by the trier of fact, in this case the jury. It is just a common – Well, he set it up that way with that special verdict, didn't you? Only to find the numbers, because then the judge takes those numbers and calculates  Well, but you had – how many claims did you have, 13 claims? Well, there was a number of claims and the jury determined 13. Yeah, that's exactly right. 13 claims. So you didn't ask the jury to fix special damages as to each claim. That's correct. We didn't want the jury to do the calculation. We wanted the judge to issue it in the judgment. So how was the judge supposed to do that, give one-thirteenth? No, no, no. Your Honor, there's a statutory minimum penalty, no less than $4,000, period. There's no discretion. The case law is very clear. Why did you bother with a – with sending that special verdict in? I don't understand that. Because the jury had to determine how many offenses there were. All right. So we limited it to that. Right. So 13 offenses. Yeah. We have that finding of fact. We asked the judge to do what the next step is, which is just to calculate the damage award, which is – Well, then why did you ask the jury to find the general damages? I mean the special damages, the $5,000? Well, that – those are actual damages, and only a jury can decide that. Actual damages. Yeah. What were you doing that for? Because the judge can't do that. That's an issue of fact. There's a right to a jury. It was demanded. The jury has to make a determination about general or special damages. It's their job as a finder of fact. So what do you do with the $5,000? You got $5,000. Now, do you divide $5,000 into 13? You say, well, you don't know. No, Your Honor. No. We're not asking – You're entitled to a minimum of $4,000 each. Per offense. Correct. Yeah. So why don't you just ask for that? We did. Thirteen offenses times four. To the jury. To the jury. Well, this is not – and, in fact, the judge had no problem with us doing it this way. We discussed it with the judge. This was not something that a jury needed to do as a finder of fact. They don't need to do the 13 times four. Now, let me ask you another – an alternative. On the special with the second hearing, where you were going to be entitled to punitive damages, what was the limit that you might have gotten? The jury gave you nothing. Could they have given you a million dollars? Presumably, yes. Would you have been happy with a million dollars? Personally, I would have been thrilled. I don't think the case would have – In other words, what you did is allowed the punitive damages to go to the jury, which potentially could have given you a much bigger award than under the statute. You didn't ask for the statute. I know you had some objections, but when the judge instructed the jury, there were no objections. It went to the jury. You had the possibility of an unlimited verdict, and the jury gave you nothing. Then you came back and now want the court to do what the jury was supposed to do under different instructions. Isn't that right? I don't think that's the case, Your Honor, because I guess if the question is, does the court have the authority to do the multiplication in the judgment award, or does it have to be done by the jury? So there's a fining effect of $13,000, I mean of 13 offenses. The minimum statutory penalty, the civil penalty, that's the minimum, for each such offense is four times each one of those. That's a minimum. Anything more than that minimum, we would have to have a jury determine, because it's an issue of fact. Up to a maximum of three times the amount of actual damages, but in no case less than $4,000, and that that is to be determined by the jury. It's that language determined by the jury that's got me hung up. I understand, Your Honor, and perhaps that's the ---- I think you should have gone in there and asked for, you know, special damages as to each one of your claims. In hindsight, perhaps we would have, but I think the question is ---- Well, you say you do this all the time. We always do it with the judge. In fact, this judge never had a problem with that either, and it wasn't a basis for her declining our request that she multiply the ---- she had no problem with it. In fact, she's done it, this particular judge, Judge Aubrey B. Collins, has done it many times in our cases on summary judgment motions and otherwise. When it's the statutory minimum, there's no discretion. It's automatically awarded. It's just a perfunctory exercise by the judge. And so we didn't need a jury to make a determination, any kind of finding of fact. So in fact, that wasn't her basis. She didn't have a problem with that. Her basis was she was hung up on whether or not we had to prove fraud, oppression, or malice for each and every offense. And then she determined, well, I don't see ---- I think you've done it on the aggregate. I don't think you've done it for each and every offense. That was the basis of her ruling. It's very clear. It's in the excerpts of records. And so no doubt about it. When you get a ruling like that, if you're a trial lawyer and you don't agree with it, you've got to make an objection. You just don't say, okay, judge, we'll take our million dollars and putative them. Then the other side wouldn't have had any objections and had a tough time. But the jury, the jury didn't give it to you. Now you want us to give it to you. Your Honor, all we're asking for is the court to apply the civil code as it's spelled. It says that there's ---- Well, you should have asked that in the trial court, and you should have preserved your record, and then you should have had the jury. If you had said what you're saying now to the judge right after the first verdict and said, give us now 13 times $4,000, you might have had a different result. Because I read the record, your opponents, I don't think, were ---- would have objected to that. Your Honor, we did ask the judge for that. In fact, in the ---- we specifically asked the judge to do just that calculation, and the judge said, and it's on, it's on, it's in the excerpt of record, tab number 7. It's the reporter's transcript of the jury's instructions. It's on page 215. And the judge tells us why she's declining that request. Did you take it, did you, did you make, did you preserve that as an objection when it went to the jury? You know, a lawyer doesn't have to agree with everything a judge says, or every ruling. The lawyer's job is to take and make a proper objection or make a proper, make an instruction. And the judge turns it down, you've got error. I understand, Your Honor. And I, we didn't have a problem with the special verdict form as it was drafted because it asked the jury to do what we wanted them to do, which is return findings of fact. With respect to the civil penalty that can be awarded by a jury or a court sitting without a jury, the civil penalty is automatic. It's just automatic. The minimum portion of that civil penalty, no less than $4,000. But you didn't, you didn't, you didn't answer Judge Bright's question, did you, about preserving the record? I think it is preserved because we asked the judge to take these findings of fact that were returned by the jury. We said these, they found. I'm talking about before, before, well, you know, this is very confusing. And I thought about this a lot. And, you know, just figuring out what you might be entitled to under the Disability Act and the UNRRA Act is not easy. And so you're entitled to a minimum of $4,000 for each offense. But you can also get, if you get, you know, a special verdict, say a $5,000, say it had been on your first claim, then that could be, that could be tripled, right? That's correct. That's $15,000. So were you looking for $15,000 on each claim? No, we didn't. $15,000 extra on the whole bunch. No, Your Honor. How are they going to triple that then? No, Your Honor, we weren't asking them to triple it. I guess here's where there's the disconnect. The UNRRA Civil Rights Act says that we don't have a disconnect. You've got a disconnect. Right. Okay. Let me explain myself more clearly then. The UNRRA Civil Rights Act says that a plaintiff is entitled to two types of damages. They're called separate categories of damages. This Court ruled that in Bodisson v. Menal Realty. Two separate categories. Actual damages, whatever they may be. And a civil penalty in addition to that, and it can be three times that, or it can be the minimum of $4,000 per offense. That's all we wanted. We didn't care about multiplying. You didn't ask the jury for that, though. That is correct. We asked the judge to award it in the damage award, and she fashioned it because we had the finding that there were 13 offenses. There was no discretion in the jury to vary from the $4,000 minimum penalty assessment for each offense. It was something that could be just simply calculated by the judge, who didn't need a jury to make any findings of fact with respect to the damage award, and is routinely done. And so what we were asking for was whatever the actual damages were, the jury determined that. What about the actual damages, you know, you multiply it by three, you can get that, right? If you want to go that way, you can, but you don't have to. There's the alternative. Well, so would you ask for those actual damages? For what reason? It's just a remedy that our client's entitled to. We asked for whatever his actual damages were to make him whole. That was what he had an entitlement to. Of course, we're going to seek that with the jury. They returned an award. Okay. This is question seven. Do you find by a preponderance of the evidence that Mr. Rodriguez suffered any actual damages, including damages for emotional distress? Jury says yes. If yes, in what amount? $5,000. Do you find by clearing convincing evidence that Home Depot acted with malice and oppression? Yes. And you say that under the --" and then that's it. Signed by the presiding juror. That is correct, Your Honor. That's what we wanted the jury to do, was to make the findings of fact that they needed to make for the judge to issue the civil penalty award. See, the civil penalties are different. They don't require actual damages. They don't require the trier of fact to put a dollar amount on anything. That is liable for each and every offense for the actual damages and any amount that may be determined by a jury or a court sitting without a jury. I interpret that to mean the trier of fact, but in no case less than $4,000. And that was a thing that we had a discussion with the court, and the court didn't have a problem with it. In fact, I've never seen a problem with that before. When we're talking about this statutory minimum, which there's no findings that need to be made. And so the judge, in fact, she didn't have a problem with that. Her problem was the standard-approved punitives, which we've discussed in the room. And she gave you that $4,000 for each claim. And that's why we're on appeal, because she said, and it's in the record, she said that we needed to have a finding of malice for each one. And that was where the legal error was. Thank you, Your Honors. And there was no finding of malice with respect to each one. There was just a general finding. Right. And if she were correct and there needed to be a finding of malice for each one, then you're right. We didn't make that effort. And that's part of what the legal question on appeal is. Thank you, Your Honor. You've used your time. Good morning, Your Honors. Greg Hurley for Respondent Home Depot. I need to clear something up, which is I can't find in the record any instance where plaintiff's counsel, appellant, asked for $4,000 per incident. It's in their brief, but there's no cite in their brief. So that's something I haven't been able to find in the record. Who tried this case for your firm? I was part of the trial team, but I also had an associate there. Well, who's Mr. Potter? Is that? Mr. Potter is the plaintiff's lawyer. Okay. Well, here, I'm looking through part of the transcript, and here's where it is. The judge says, I hope this has been a salutary lesson for both of you. Selling them is always better. Mr. Potter, I agree. Mr. Jaramillo, I agree. All right. The court says prepare the judgment within 10 days. And I take it that's to the point that you should share it first and make sure there are no factual or legal objections from the defense. But it should be very straightforward. Damages are $5,000 with no injunction. Anything further? Nothing. Both counsels say that's it. I don't see where anything was preserved, pre-judgment or after judgment. I'm sure you agree with that. I do agree with that, Your Honor. This seems to revolve around Civil Code Section 52. And the way I understand, the way I believe what the jury did and the way I understand Civil Code Section 52 is that the plaintiffs get actual damages in any amount determined by the jury. However, if those actual damages are less than $4,000, the statute says they get $4,000. They got $5,000. That's more than $4,000. I think that's the extent of it. What I believe was going on at the time of trial was what you may have referred to, which is let's roll the dice, be a little loose with the jury instructions and see if we can't get that million dollars. I think it came back to bite him here. Yeah, but there are no punitive damages submission. Was there an argument to the jury on that for punitive damages? The plaintiffs in this case got all the instructions they wanted, including the jury instructions. Was there an argument to the jury when the case was submitted for the punitive damages? A separate argument at that phase? Yes. I don't remember, Your Honor. Well, the jury did consider punitive damages in a separate proceeding. Yes. It's not part of the record the plaintiffs submitted, the appellants submitted on appeal. We submitted that as a supplemental record because we thought it was significant. They got their instruction, and I'll read you the crux of that instruction that they got. If you decide to award punitive damages, the amount cannot be less than $4,000, nor more than three times the total actual damages. That's their instruction, and the jury came back and said zero. So they rolled the dice. They wanted to get that million dollars. They didn't get it. Well, so they weren't asking anything for more than $15,000 punitives? No. They wanted whatever punitive damages they could get. They put no cap on the punitive damages they asked for. Read that again, would you? If you decide to award punitive damages, the amount cannot be less than $4,000, nor more than three times the total actual damages. I'm sorry, yes. Nor more than three times the total actual damages. So $15,000. So you misspoke then. I did misspeak. And I heard you correctly the first time. Yes. Okay. So the punitive damages were limited? Yes, per their instruction. And who submitted that instruction? The plaintiffs did. And the judge submitted it for all the claims, not just each one of the 13. Isn't that right? The judge submitted one instruction, and I understood that. Now, was there a finding of malice somewhere? I thought there was in the way actual damages were awarded. Yes. The jury in the special verdict form indicated that. Question number eight, do you find by clear and convincing evidence that Home Depot acted with malice and oppression? And the response by the jury was yes. And then after that, did counsel ask the judge to award the minimum statutory damages? The minimum statutory damages? $4,000. I don't believe that counsel ever asked for the statutory damages as a multiplier. I don't believe that counsel ever asked for statutory damages, period. Pardon me? I don't believe counsel ever asked for statutory damages. From the judge. From the judge. So whatever was asked for in statutory damages or punitive damages or whatever you want to call them was in the submission to the jury. I believe so. Are you sure of what you're telling us? Do you believe so? I mean. No, I'm not sure, Your Honor. You're not sure, so you just. This is based on recollection. Yeah, but you're supposed to know this record, aren't you, when you come here? Yes, Your Honor. I mean, Home Depot seems to have a very poor recollection when the people complain and they demonstrate and then they pay off on something and then it goes on and on and on. Well, part of the problem I had, Your Honor, is the record that was originally submitted and the issues as framed were limited. So we went and supplemented the record. I didn't supplement it with the entire record. I supplemented it within the scope of what I believe their appeal was. Well, the actual damages is what the jury came up with with 5,000, right? Yes, Your Honor. Was there ever a motion for new trial by the plaintiff on the basis that they were entitled to 13 times $4,000 and not the zero given by the jury and, therefore, there should be a new trial on those damages? No, Your Honor. No motion for new trial? No. Arguably, you can interpret the statute as saying that they're entitled to a statutory amount of at least $4,000 in addition to the actual damages. Was there a request that they get an additional $4,000 so that they would get a judgment of $9,000? No, Your Honor. Is there any further questions? No. Any further questions? Thank you, Your Honor. I know I'm marking my time, Your Honor, so I'll just make one quick point. Yes, you are. Thirty seconds, very briefly. This case, the trial involved two phases. The judge broke it into two phases. One was the liability phase, and that's where they returned the actual damages of $5,000. The second phase was the punitive phase, the exemplary and civil penalty and so forth. There was two parts to that. The civil penalty, which is set by the UNRRA Act, and then punitive damages, which is under the California Civil Code and can apply to all kinds of cases. We specifically asked for the civil penalties, and it's in the excerpt of record. It's a very clear dialogue with the court where we asked for that. This is excerpt of record number seven, page 211. And the judge said, Number seven, 211? Page 211, yes. And we're asking for it. And we're making our contention that the 3294 punitive damages are separate. They're a different issue than the civil penalties. And, in fact, defense counsel very clearly says, I thought we were just talking about $4,000 per offense. That's lines 23 to 24. The judge goes into a discussion, and this is where we feel the judge erred. She said, we are not entitled to the civil penalties. You're entitled to punitive damages under 3294. And so we were forced to make that pitch to a jury for punitive damages under 3294. We didn't want those. We wanted the civil penalties. The judge said we weren't entitled to them. Did you make your objection at that time? We did. I mean, it's a clear dialogue with the court saying, I disagree with your analysis. That's not the way it's going to go. It's right here in the record. And this is what we're appealing, is her legal analysis and her precluding us from seeking the $4,000 times each offense. And, in fact, the way it worked out was that there was $0 given as a civil penalty. The statute says no less than 4. In any case, there was 0 given. There was an error somewhere. And it was very confusing how to do it. Okay. You wanted the $4,000 for each one. The court said there wasn't a finding that you're entitled to punitives for each one. Correct. That's right. And that's what we went on appeal with. But there should have been something in that phase, the second phase. Even if she was correct, there still should be 4, and there wasn't even that. Thank you, Your Honor. Well, perhaps that's not it. Okay.  Thank you. The matter just argued is submitted for decision.
judges: Schroeder, Bright , Pregerson